# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN BOSTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-489 |
| ) | |
| v. ) | District Judge Arthur J. Schwab |
| ) | Magistrate Judge Maureen P. Kelly |
| INTERNAL REVENUE SERVICE; ) | |
| GDOL/UNEMPLOYMENT INSURANCE; ) | Re: ECF Nos. 4 and 7 |
| ACE FLAIR ACCOUNT-METABANK; *and* ) | |
| SNAP BENEFITS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff Benjamin Boston ("Plaintiff") is an inmate at the DeKalb County Jail in Decatur, Georgia. Proceeding *pro se*, Plaintiff submitted a Complaint on March 24, 2022, along with a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 1. This Court granted IFP status on May 10, 2022. ECF No. 2. The Complaint was filed the same day. ECF No. 3.

On May 11, 2022, United States Magistrate Judge Maureen Kelly issued a Report and Recommendation recommending that Plaintiff's claims be dismissed, *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous or malicious, and for failure to state a claim upon which relief may be granted. ECF No. 4 at 1. The deadline for the filing of Objections was May 31, 2022.

On June 1, 2022, this Court received a filing from Plaintiff entitled "the Writs of Error Coram Nobis an [*sic*] Coram Vobis[.]"[1] This Court construes this filing as Plaintiff's Objections

---

[1] In the civil context both coram nobis and coram vobis were abolished by Rule 60 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(e). See also Ragbir v. United States 950 F.3d 54, 61 (3d Cir. 2020). Relief under Rule 60 is inappropriate, because the Report and Recommendation was not a final judgment, and Plaintiff identified no clerical mistake. Fed. R. Civ. P. 60(a) and (b).

to the Report and Recommendation, and presumes that they are timely-filed pursuant to the prisoner mailbox rule. Jones v. Fitzgerald, No. 14-412, 2014 WL 2938619, at *5 n.1 (W.D. Pa. June 30, 2014) .

Plaintiff's Objections are difficult to follow, but this Court will address the three main arguments that it can discern. First, Plaintiff wants to proceed in the United States District Court for the Western District of Pennsylvania because the judge assigned to his cases in Georgia has ruled against him, and thus, is biased. ECF No. 6 at 8. Nonetheless, Plaintiff's dissatisfaction with that judge's decisions does not affect whether venue is proper in this Court. 28 U.S.C. § 1391(e). As the Magistrate Judge properly concluded in the Report and Recommendation, venue is not proper in this district.

Plaintiff's second argument is that he "was not asking the courts to compelling [*sic*] Mr. Monroe arrest but compel each agency to do there [*sic*] job which would lead to his arrest[.]" ECF No. 6 at 7. This is a distinction without a difference, and ultimately does not support mandamus relief. See Brobst v. Atty. Gen. U.S., 807 F. App'x 184, 186 (3d Cir. 2020) ("mandamus is not available here because defendants do not owe Brobst a clear nondiscretionary duty to investigate or prosecute these alleged crimes."). See also Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982) (affirming dismissal of complaint styled as a mandamus petition seeking an order directing the FBI to investigate crimes because "[i]nitiation of a criminal investigation by the F.B.I. is clearly a discretionary act").

Plaintiff's third argument is that Defendants GDOL/Unemployment Insurance and SNAP Benefits receive "grants for federal funding," and thus presumably are agencies of the United States for the purposes of a mandamus action under 28 U.S.C. § 1361. ECF No. 6 at 4. But mere receipt of some federal funding is insufficient to render these Defendants agencies of the

federal government.  Cf. Moscony v. U.S. Bureau of Prisons, Civ. No. 96-1607, 1997 WL 698187, at *3 (E.D. Pa. Nov. 7, 1997) ("Even though AMH is in receipt of some federal funds, this will not render it subject to the mandamus statute[,]") (citing Griffith v. Bell-Whitley Cmty. Action Agency, 614 F.2d 1102, 1106 (6th Cir. 1980)).  Even if Plaintiff somehow could demonstrate that these Defendants were federal agencies, venue and mandamus relief still would be inappropriate for the reasons stated above.  This reasoning also disposes of Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 7, which will be denied as futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, ECF No. 4, Plaintiff's Objections thereto, ECF No. 6, and Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 7, the following Order is entered:

AND NOW, this 8th day of June,

IT IS HEREBY ORDERED that the Complaint, ECF No. 3, is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Objections, ECF No. 6, are OVERRULED and DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 7, is DENIED.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation, ECF No. 4, as it is supplemented by this Memorandum Order, is adopted as the opinion of this Court.

The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

s/Arthur J. Schwab
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

Benjamin Boston
X2101880
Dekalb County Jail
4415 Memorial Drive
Decatur, GA 30032